*Reid & Stone, for appellant.*

*B. J. Peters, for appellee.*

---

## T. A. MORELAND *v.* J. W. WOOLFOLK, ET AL.

**Sale of Legatee's Interest to Pay Debts.**

Where a will directs that the share of a child shall be held by the executor and the income therefrom paid to the child during his life, after the death of the widow, who was given a life estate in all the estate, the share of such child can not be sold to pay debts of his, for he is only entitled to the income of such property, and his creditors in no case could be entitled to more than his interest.

### APPEAL FROM DAVIESS CIRCUIT COURT.

May 3, 1883.

OPINION BY JUDGE LEWIS:

It is clear that Alexander Moreland intended by his will to dispose of the whole of his real estate, for he not only designated those of his children and grandchildren who are to have the net proceeds of it, all of which he directs his executor to sell, but also to whom, having in his own language heretofore given as much as he is able to give the other children, he can not in justice give any more. It is equally clear that his purpose in postponing the sale of the real estate and disposition of the proceeds until after the death of his widow was to give to her the use of it during her life. Otherwise he died intestate as to that particular, which would result in giving to those who had already received their full share, as well as the others, a part of his estate.

In our opinion, therefore, the lower court properly adjudged that the will conferred by implication upon the widow a life estate in testator's real property. But it was error to adjudge that Thomas A. Moreland upon her death takes a remainder in fee in the half share which the will directs the executor to invest or put to interest for his use, and subject it to the payment of the debts of appellees against him.

The legal title to the half share by the terms of the will devised to the executor, and Thomas A. Moreland has upon the death of the widow only an equitable estate for life in the interest arising from the proceeds of the sale of the real estate, which the executor is expressly directed to invest or put to interest for his use during life, and at his death the fund so invested or put to use goes to his children, if he leave any, otherwise to all the children of the testator living and representatives of those dead.

It appears that a portion of the real estate has been heretofore sold, with the consent of the widow, and the proceeds paid to the other devisees, but the share thereof of Thomas A. Moreland was properly retained by the executor, and as the principal sum is not subject to the debts of Thomas A. Moreland, it was error in the court to order it paid to appellees or any of them. As it was error to direct that his one-seventh interest in remainder in the lands be sold to satisfy the debts of appellees, Thomas A. Moreland not having such interest, it is not subject to sale to pay his debts.

As the executor, Bransford, has resigned, and an administrator with the will annexed been appointed, it was improper to render judgment until the latter was brought before the court. The case not standing for trial at the term appellant offered to file his answer, it should have been permitted to be filed, though the question as to the construction of the will of Alexander Moreland, and the right of creditors to subject the principal of the half share of Thomas A. Moreland to the payment of his debts, may be properly determined without his answer.

Although those who are entitled to the interest in remainder at the death of Thomas A. Moreland, and the administrator with the will annexed, would be proper parties to this appeal, they are not indispensable parties, and the motion to dismiss the appeal must be therefore overruled.

The judgment of the lower court is *reversed* and cause remanded for further proceedings consistent with this opinion.

*Weir, Weir & Walker, W. N. Sweeney & Son, for appellant.*
*R W. Slack, E. W. Hines, for appellees.*